UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 0 2012
```

Oori Trading, Inc. and MOA International Corp.,

          Plaintiffs,

v.

1189 Wholesale Corp. d/b/a UrEternity and d/b/a Fancy4Less and Ming Jie You,

          Defendants.

Civil Action No.: 12-CV-4218-JPO

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

      1.    All parties [consent ___ / do not consent _X_ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

      2.    Settlement discussions [have ___ / have not _X_ ] taken place.

      3.    The parties [have _X_ / have not ___ ] conferred pursuant to Fed. R. Civ. P. 26(f).

      4.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

      5.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

      6.    Fact Discovery

          a.    All fact discovery shall be completed no later than __November 17, 2012__. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

          b.    Initial requests for production of documents shall be served by __August 20, 2012__.

          c.    Interrogatories shall be served by __August 20, 2012__.

    d.     Depositions shall be completed by    October 15, 2012   .
    e.     Requests to admit shall be served by    October 15, 2012   .
    f.     Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7.     Expert Discovery

    a.     All expert discovery, including expert depositions, shall be completed no later than  December 31, 2012.  [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (*i.e.*, the completion of all fact discovery).]
    b.     Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before  November 30, 2012 .
    c.     Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before  December 15, 2012 .
    d.     The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days after the date in paragraph 6(a) (*i.e.*, the close of fact discovery).

9.     All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery.

    10.     a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        N/A

    b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.

       Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

_____
_____
_____

c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery);

_____
_____
_____

d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

      11.     Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed on or before the date on which the Final Pretrial Order is due. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the Final Pretrial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order due date.

      12.     The parties shall be ready for trial on _____. [Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date.]

      13.     This case [is __X__ / is not _____] to be tried to a jury.

      14.     Counsel for the parties have conferred and their present best estimate of the length of trial is __four days__.

      15.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below

_____
_____
_____

Counsel for the Parties:

*[signature]*　　　　　　　　　　　　　　*[signature]*

Solomon Rubin　　　　　　　　　　　　　Billy Kim
Law Offices of Jan Meyer & Associates, P.C.　Wong, Wong & Associates, P.C.
1029 Teaneck Road, Second Floor　　　　150 Broadway, Suite 1588
Teaneck, NJ 07666　　　　　　　　　　　New York, NY 10038
(Tel) 201-862-9500　　　　　　　　　　　(Tel) 201-862-9500
SRubin@janmeyerlaw.com　　　　　　　billy.kim@wongwonglaw.com
Attorneys for Plaintiffs　　　　　　　　　Attorneys for Defendants

The next Case Management Conference is scheduled for
__Nov. 16, 2012__ at __10:15 a.m.__

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraphs 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

*[signature]*

J. PAUL OETKEN
United States District Judge

Dated: July 20, 2012
　　　New York, New York