UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
OORI TRADING, INC. and MOA INTERNATIONAL CORP.,

                    Plaintiffs,

v.

1189 WHOLESALE CORP. d/b/a URETERNITY and d/b/a FANCY4LESS and MING JIE YOU,

                    Defendants.
-------------------------------------------------------------------- X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 04 2012

Case No.:
C.A. No. 12 Civ. 4218 (AT)(JLC)

STIPULATION AND
[PROPOSED] PROTECTIVE
ORDER REGARDING
CONFIDENTIAL
INFORMATION AND
MATERIALS

## 1. PURPOSES AND LIMITATIONS

In accordance with Rule 26 of the Federal Rules of Civil Procedure as well as Rule 502 of the Federal Rules of Evidence, and in the interests of efficiency and judicial economy—particularly to avoid ancillary litigation over discovery issues relating to confidential or proprietary information or the inadvertent production of privileged materials—plaintiffs Oori Trading, Inc. and Moa International Corp. (collectively, "plaintiffs"), and defendants 1189 Wholesale Corp. d/b/a URETERNITY and d/b/a Fancy4Less and Ming Jie You (collectively, "defendants"), hereby stipulate and agree to the procedures set forth in this Stipulation and Protective Order (the "Order") for designating and protecting confidential or proprietary information and for addressing the inadvertent production of Protected Material (as defined herein), which, plaintiffs and defendants agree, good cause exists to implement.

## 2. DEFINITIONS

    2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

1061491.1
5269933v.3

2.2     "CONFIDENTIAL" Information or Items: information, regardless of how it is generated, stored, or maintained, or tangible items that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record (defined below) and In-House Counsel (defined below), including their support staff.

2.4     Designating Party: a Party or Non-Party that designates as "CONFIDENTIAL" information or items that it produces in disclosures or in response to discovery in this action.

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to this action or its counsel to serve as an expert witness or as a consultant in connection with this action.

2.7     In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.10 Party: any party to this action, including all of its officers, directors, employees (including In-House Counsel), consultants, retained experts, and Outside Counsel of Record (including their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, or organizing, storing, or retrieving data in any form or medium), including their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order does not, however, encompass: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party before disclosure or obtained by the Receiving Party after disclosure from a source who obtained

the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial will be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; or (ii) final judgment, after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time in accordance with applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Care and Reasonableness in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications—for which protection is not warranted— are not unjustifiably swept within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation, and then withdraw the designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated so before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material, or, with respect to electronically-stored information ("ESI"), in the manner set forth by the Protocol Governing the Production of Electronically-Stored Information entered in this action (the "ESI Protocol"). If only some of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Producing Party that makes original documents or other materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page containing Protected Material, or, with respect to ESI, must conform to the relevant provisions of the ESI Protocol. If only some of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings).

(b) <u>For testimony given at deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify all protected testimony within 21 days of when the testimony was given. The parties will avoid "blanket" confidentiality designations; rather, they will specify, by page and line number, those portions of the testimony to be designated confidential. If the transcript is unavailable within 21 days of when the testimony was given, the Designating Party shall identify all protected testimony within five (5) days of receipt of the transcript.

(c) <u>For information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored. If only some of the information, or part of the item, warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3 <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection of such material under this Order. That is, if the Designating Party informs the Receiving Party—within 30 days of becoming aware of an inadvertent failure to designate—of that inadvertent failure, and at the same time provides the Receiving Party with a replacement copy of the subject material that is marked "CONFIDENTIAL," the Designating Party will be deemed not to have waived its right to secure protection of the subject material. Furthermore, upon being so informed by the Designating Party, the Receiving Party must make reasonable efforts to ensure that the formerly non-designated material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burden, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet-and-Confer. The Challenging Party must initiate the dispute-resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this provision of the Order. The parties will attempt to resolve each challenge in good faith and must begin the process by conferring directly—in voice-to-voice dialogue (other forms of communication are not sufficient)—within 14 days of the date notice is served. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process or establishes that the Designating Party is unwilling to timely participate in the meet-and-confer process.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party may—within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their

dispute, whichever is earlier—file and serve a motion to retain confidentiality. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by Section 6.2 above. Failure by the Designating Party to timely make such a motion, including the required declaration, will automatically waive confidentiality with respect to each challenged designation. Additionally, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought in accordance with this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by Section 6.2 above.

The Designating Party will bear the burden of persuasion in any such challenge proceeding. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties and Non-Parties must continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

### 7. ACCESS TO, AND USE OF, PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons identified below and under the conditions described in this Order. When the litigation has concluded, a Receiving Party must comply with the provisions of Section 13 below.

A Receiving Party must store and maintain Protected Material at a secure location and in

a manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as to employees of Outside Counsel of Record to whom the Receiving Party or its Outside Counsel of Record deems disclosure reasonably necessary for this litigation;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom the Receiving Party or its Outside Counsel of Record deems disclosure reasonably necessary for this litigation;

(c)     Experts of the Receiving Party to whom the Receiving Party or its Outside Counsel of Record deems disclosure reasonably necessary for this litigation and who have executed the Certification attached as Exhibit A to this Order (the "Certification");

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, and Professional Vendors to whom the Receiving Party or its Outside Counsel of Record deems disclosure reasonably necessary for this litigation and who have executed the Certification;

(g)     any person whose deposition is to be taken in this action pursuant to notice, subpoena, or agreement, but the deponent is not to be provided with any Protected Material before or after the deposition without first executing the Certification;

(h)     any deponent during a deposition, but the deponent may not remove any Protected Material from the deposition without first signing the Certification;

(i)     any trial witness;

(j)     the author or recipient of a document containing the designated information, or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify the Designating Party in writing, including providing a copy of the subject subpoena or court order;

(b)     promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order (such notification is to include a copy of the Order); and

(c)     cooperate with respect to all reasonable procedures the Designating Party whose Protected Material may be affected seeks to pursue with respect to the Protected Material.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order must not produce any Protected Material before the court from which the subpoena or order issued makes a determination with respect to that information, unless the served Party has obtained the Designating Party's permission to do so. The Designating Party will bear the burden and expense of seeking protection of its Protected Material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a directive from another court.

## 9. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Nothing in these provisions should be construed, however, as prohibiting a Non-Party from seeking additional protections.

(b) In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information that resides within the Party's possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the requested information is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the subject information within the Party's possession, custody, or control; and

(3) make the requested information available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 21 days of receiving the notice and accompanying information described above, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not—before a determination by the Court—produce any information in its possession, custody,

or control that is subject to the confidentiality agreement with the Non-Party.[1] Absent a court order or agreement to the contrary, the Non-Party will bear the expense and other burdens of seeking this Court's protection of the Non-Party's Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person, or in any circumstance, not authorized under this Protective Order, the Receiving Party must immediately (i) notify the Designating Party, in writing, of the unauthorized disclosure; (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material; (iii) inform the person or persons to whom an unauthorized disclosure was made of the terms of this Order; and (iv) request that the person or persons to whom an unauthorized disclosure was made execute the Certification.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

To the maximum extent permitted by law, plaintiffs and defendants agree, and the Court orders, that the production of documents by Parties and Non-Parties will be governed by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, which address the inadvertent production of material protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure that is recognized under applicable law (collectively referred to as "Privileged Material").

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is (according to the Producing Party) subject to a claim of privilege or other protection, the Receiving Party must act in accordance with the obligations embodied in Federal

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Rule of Civil Procedure 26(b)(5)(B).

The procedure set forth below is intended to reduce the time and expense of an initial review for privilege or other legally-recognized protection by providing the Producing Party, or any other person purporting to hold a privilege,[2] with an efficient method for retrieving or "clawing back" inadvertently-produced Privileged Material, subject to the resolution of any dispute over the privileged or protected status of the Privileged Material, and for foreclosing any arguments of waiver, subject to the procedures detailed below for bringing disputed claims to the Court for resolution.

(a)  If a Producing Party, or any other party purporting to hold a privilege, has a good-faith belief that Privileged Material has been inadvertently produced and wishes to retrieve the subject material, it must promptly notify the Receiving Party of its claim of privilege or protection. In connection with this provision, all Parties and Non-Parties must comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of Privileged Material, including their obligation to promptly notify the Producing Party in appropriate circumstances.

(b)  Upon receipt of any notice claiming that a document constitutes or includes Privileged Material, all other Parties or Non-Parties (regardless of whether they agree with the claim of privilege or other protection) will promptly:

(1)  use reasonable efforts to destroy or sequester all copies of the inadvertently-produced material in their possession, custody, or control, and notify the Producing Party, or any other person purporting to hold a privilege, that they have done so; and

---

[2] For convenience, this Order sometimes refers to privileges and other protections collectively as "privilege."

(2) notify the Producing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently-produced material from other persons, if any, to whom the material has been provided, consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

(c) To the extent a Receiving Party wishes to dispute the claim of privilege or other protection, the Receiving Party must—within seven days of receiving the notice—inform the Producing Party or other party purporting to hold the privilege of the Receiving Party's position (the "Dispute Notification"). Within seven days of receiving the Dispute Notification, the Producing Party or other party purporting to hold the privilege must either withdraw its claim of privilege or confer with the Receiving Party in an effort to resolve their disagreement. If the disagreement is not resolved, the Producing Party (or other party purporting to hold the privilege) and the Receiving Party will cooperate in presenting the dispute to the Court. In arguing issues concerning an asserted protection with respect to Privileged Material, no party is to claim a waiver by reason of the inadvertent production (in this action, a related action, or to a government agency) of documents that are the subject of the dispute.

(d) In accordance with Federal Rule of Evidence 502(d), the inadvertent production of Privileged Material in this action will not constitute a waiver of any applicable privilege, protection, or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

(e) If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or other protection, that Party or Non-Party may at its sole election (i) allow the document to be used in the deposition without waiver of its claim of

privilege or other protection; or (ii) consistent with Federal Rule of Civil Procedure 30(c)(2), instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or otherwise protected status. If the Party or Non-Party claiming protection allows the examination concerning the document to proceed on a non-waiver basis, the parties will sequester all copies of the purportedly privileged or otherwise protected material. Immediately following the deposition, the affected Party or Non-Party will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection. Until the dispute is resolved, all Parties and Non-Parties will treat the transcript of the deposition as confidential.

If the Party or Non-Party claiming protection instead instructs the witness not to answer questions concerning the subject material, the Parties/Non-Parties will then cooperate in promptly submitting the issue of the document's status to the Court for resolution. A Party or Non-Party that halts a deposition on the basis of a privilege or other protection that the Court ultimately deems not to exist may bear the cost of having the deposition completed.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. Stipulating to the entry of this Order does not cause a Party to waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use as evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. In the event counsel for any Party or Non-Party determines to file with the Court any Protected Material, counsel must file a motion to file

documents under seal, and the Parties agree that they will consent to the filing of any motion to file documents under seal concerning any material protected by this Order, without waiving any objections to the relevance or admissibility of such material. Only those documents, or portions of documents, containing Protected Material will be filed in a sealed envelope. The Court will allow the Parties to file a motion to file documents under seal simultaneously with the filing of motions, memoranda, or affidavits containing Protected Material.

## 13. **FINAL DISPOSITION OF THE ACTION**

Within 60 days after the final disposition of this action (as defined in Section 4 above), each Receiving Party must return all Protected Material to the appropriate Producing Party or destroy such material. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)—by the 60-day deadline—that (i) identifies (by category, where appropriate) all Protected Material that was returned or destroyed; and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that constitute or contain Protected Material remain subject to this Order.

This Court will retain jurisdiction over this Order, including any proceedings relating to performance under, or compliance with, the Order. Accordingly, persons who receive Protected

Material will be subject to this Order and to the jurisdiction of this Court concerning the Order.

Dated: November 15, 2012          Respectfully submitted,

                              WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: _____

Adam R. Bialek
Attorneys for Defendants
1189 WHOLESALE CORP. d/b/a URETERNITY
and d/b/a FANCY4LESS and MING JIE YOU
150 East 42nd Street
New York, New York 10017
P: 212-490-3000
F: 212-490-3038
Our File No. 12072.00206


LAW OFFICES OF JAN MEYER & ASSOCIATES, P.C.

By: _____

Solomon Rubin
Attorneys for Plaintiffs
OORI TRADING, INC. and MOA INTERNATIONAL CORP.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666

**IT IS SO ORDERED.**

DATED: 12/3, 2012          _____
                                        Hon. J. Paul Oetken
                                        United States District Judge

- 17 -

1061491.1
5269933v.3

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
OORI TRADING, INC. and MOA INTERNATIONAL
CORP.,

                Plaintiffs,

         v.

1189 WHOLESALE CORP. d/b/a URETERNITY and
d/b/a FANCY4LESS and MING JIE YOU,

                Defendants.
------------------------------------------------------------------------ X

Case No.:
C.A. No. 12 Civ. 4218 (AC)

**CERTIFICATION WITH RESPECT TO CONFIDENTIAL INFORMATION OR ITEMS**

I hereby certify (i) my understanding that Protected Material (as defined in the accompanying Stipulation and Protective Order Regarding Confidential Information and Materials (the "Order")) is being provided to me in accordance with the terms and restrictions of the Order, and (ii) that I have read and understand the Order. I agree to be fully bound by the terms of the Order and hereby submit to the jurisdiction of the United States District Court for the Eastern District of New York for purposes of enforcement of the Order. Upon the conclusion of the above-captioned action (including any related appeals), or when I no longer have any reason to possess the Protected Material, whichever shall first occur, I hereby agree to return all Protected Material to the person or persons who furnished that information to me, or to certify that the Protected Material has been destroyed.

Dated: _____       Name: _____

                                    Signature: _____

1061491.1
5269933v.3